

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-27,917-03

### EX PARTE BOBBY D. GORDON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W92-04535-Q(C) IN THE 204TH DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted burglary of a habitation and sentenced to twenty-five years' imprisonment.

Applicant contends that he is being denied credit for time spent released on parole prior to revocation. Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the

appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit listing whether Applicant qualifies for street time credit under Tex. Gov't Code §508.283(c), and if so, whether he has been given such credit. The affidavit should indicate whether or not Applicant has submitted his claim to the time credit resolution system of TDCJ, and if so, the date when the claim was submitted.

The trial court may also order depositions, interrogatories, or a hearing. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant has properly exhausted his administrative remedies as required by TEX. GOV'T CODE § 501.0081(b)-(c). The trial court shall then make findings and conclusions as to whether Applicant qualifies for street time credit under Tex. Gov't Code §508.283(c), and if so, whether he has been given such credit. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 1, 2015
Do not publish